## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## GRAND RAPIDS DIVISION

| | |
|---|---|
| JOHN YOUNG, individually and on behalf of a class of similarly situated persons, <br><br> Plaintiff, <br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | Case No.  1:20-cv-00479 <br><br> **JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

NOW COMES, Plaintiff JOHN YOUNG, by and through his counsel, James C. Vlahakis, and asserts a putative class action against Defendant MIDLAND CREDIT MANAGEMENT, INC.

**I. Parties, Jurisdiction and Venue**

1. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in Sparta, Michigan.

2. Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

3. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business San Diego, California 92108.

4. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and its principal purpose is the purchase of and collection of consumer debts.

1

5. MCM routinely collects defaulted consumer debts owned by Midland Funding, LLC. From time to time, MCM purports to collect defaulted consumer debts that it claims to own.

6. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

7. This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

8. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

9. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

10. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II. Background Allegations**

**A. The Subject Debt**

11. Plaintiff obtained credit (the "Subject Debt") from Synchrony Bank in the form of a "Husqvarna" branded Credit Card.

12. Plaintiff incurred the Subject Debt for personal and household expenses.

13. Plaintiff made payments towards the Subject Debt, but thereafter fell into unforeseeable financial difficulties that rendered Plaintiff unable to pay off the Subject Debt.

14. Thereafter, the Subject Debt fell into a default status.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded Plaintiff as a "person obligated or allegedly obligated to pay" the Subject Debt.

### B. MCM's Collection Efforts Relative to the Subject Debt

16. In an attempt to collect the Subject Debt MCM sent a letter to Plaintiff in April of 2020 (the "Subject Collection Letter")

17. MCM mailed the Subject Collection Letter to Plaintiff inside of an envelope marked with the words **"TIME SENSITIVE DOCUMENT"** or **"TIME SENSITIVE DOCUMENTS"** (hereafter **"TIME SENSITIVE DOCUMENT(S)"**).

18. MCM has conducted research which demonstrates that unsophisticated and least sophisticated consumers are more likely to open collection letters sent in Envelopes marked as **TIME SENSITIVE DOCUMENT(S)** than plain envelopes that do not contain the words **TIME SENSITIVE DOCUMENT(S)**.

19. MCM's transmission of the Subject Collection Letter inside of an envelope marked with the words **TIME SENSITIVE DOCUMENT(S)** violated Section 1692f(8) of the FDCPA.

20. Section 1692f(8) of the FDCPA prohibits debt collectors from using "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer ... except that a debt collector may use his business name under prescribed circumstances."

21. In *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020), the Seventh Circuit held that MCM violated the clear language of §1692f(8) when it sent a

collection letter to a consumer inside of an enveloped that was marked with the words **TIME SENSITIVE DOCUMENT(S)**.

22. In reversing the district court's order granting MCM 12(b)(6) motion, the Seventh Circuit held as follows:

> We conclude that the language of § 1692f(8) is clear, and its application does not lead to absurd results. To the contrary, the prohibition of any writing on an envelope containing a debt collection letter represents a rational policy choice by Congress. Consequently, we conclude that the district court erred in dismissing Mr. Preston's claim under § 1692f(8).
>
> * * *
>
> On its face, the prohibition is clear: use of *any* language or symbol on an envelope, except for the debt collector's name (if it does not indicate that the collector is in the business of debt collection) and the debt collector's address, violates subsection (8).
>
> * * *
>
> The statutory language does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language.
>
> * * *
>
> Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

*Preston*, 948 F.3d 776-77, 781, 783-84 (emphasis in original).

23. Notably, *Preston* held that MCM's use of the Envelope is *precisely the type of conduct that Section 1692f(8) the FDCPA was enacted to prohibit*:

> In providing certainty, this provision furthers the FDCPA's overall purpose of "eliminat[ing] abusive debt collection practices by debt collectors" and "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."

*Preston*, 948 F.3d at 784.

4

24. Plaintiff suffered real and concrete harm because MCM communicated with him in a manner prohibited by the FDPCA.

25. Reading the words **TIME SENSITIVE DOCUMENT(S)** caused him to suffer stress, anxiety and worry about the contents within the envelope. Plaintiff's sense of stress, anxiety and worry was intensified because Plaintiff had received other collection letters from MCM in the past, and recognized that the envelope came from MCM.

26. Plaintiff retained legal counsel to help Plaintiff understand what MCM used the words **TIME SENSITIVE DOCUMENT(S)** on the Envelope in question.

### III. Causes of Action

**Count I – Individual Claim for Violations of Section 1692f(8) of the FDCPA**

27. Plaintiff realleges the above paragraphs as though fully set forth herein.

28. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

30. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

31. The use of the phrase **TIME SENSITIVE DOCUMENT(S)** on the Envelope sent to Plaintiff violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

32. MCM's use of the words **TIME SENSITIVE DOCUMENT(S)** violated Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

33. Plaintiff immediately opened the Envelope because it contained the words **TIME SENSITIVE DOCUMENT(S)**.

34. MCM's use of the words **TIME SENSITIVE DOCUMENT** violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

35. MCM's use of the words **TIME SENSITIVE DOCUMENT(S)** violated Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

WHEREFORE, Plaintiff JOHN YOUNG respectfully requests that this Honorable Court:

  a. declare that the Time Sensitive Envelope and the Embossed Envelope violate Section 1692f(8) of the FDCPA;

  b. enjoin Defendant MCM from using the Time Sensitive Envelope and the Embossed Envelope in conjunction with any future collection letters;

  c. award Plaintiff statutory damages of up to $1,000; and

  d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Claim for Violations of Section 1692f(8) of the FDCPA**

36. Plaintiff JOHN YOUNG realleges the above paragraphs as though fully set forth herein.

37. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside an envelope

marked with the words **TIME SENSITIVE DOCUMENT(S)** within one year of the filing of this lawsuit.

38. MCM's use of the words **TIME SENSITIVE DOCUMENT(S)** on form collection envelopes that MCM used to send collection letter to consumers in this district satisfies the elements of typicality, commonality, predominance and superiority.

39. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

40. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

41. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Synchrony Bank "Husqvarna" branded credit card account and the collection letters were mailed inside of envelopes containing the words "**TIME SENSITIVE DOCUMENT(S)**".

42. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

43. The proposed class can be defined by MCM's records.

WHEREFORE, Plaintiff JOHN YOUNG respectfully requests that this Honorable Court:

    a. declare that the Time Sensitive Envelope and the Embossed Envelope violate Section 1692f(8) of the FDCPA;

    b. enjoin Defendant MCM from using the Time Sensitive Envelope and the Embossed Envelope in conjunction with any future collection letters;

    c. award class members maximum statutory damages;

    d. award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Envelope and the Embossed Envelope; and

    e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

***Plaintiff demands a jury trial***

Respectfully submitted, on behalf of Plaintiff JOHN YOUNG,   Date: 5/29/2020

*/s/James C. Vlahakis*
James Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 - 8181
Email:  jvlahakis@sulaimanlaw.com